IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**MICHAEL O'LEARY, as Administrator of the
Estate of Elizabeth Ann O'Leary,**

       **Plaintiff,**

**v.**                                      **Civil Action No. 2:25-cv-00165**

**HYUNDAI MOTOR AMERICA, INC., et al.,**

       **Defendants.**

<u>**Memorandum Opinion and Order**</u>

Pending before the Court are ***Defendants' Motion for Protective Order*** (ECF No. 81), along with its supporting ***Memorandum of Law*** (ECF No. 82), ***Plaintiff's Response in Opposition to Defendants' Motion for Protective Order and Cross-Motion to Compel Testing*** (ECF No. 83), and Defendants' ***Reply*** (ECF No. 84).

For the reasons that follow, Defendants' Motion is **GRANTED IN PART and DENIED IN PART**, Plaintiff's Cross-Motion is **GRANTED IN PART**, and the Court orders that additional testing proceed pursuant to the protocol set forth herein.

## I.    BACKGROUND

This litigation arises from the tragic death of Elizabeth O'Leary following an incident involving a 2012 Hyundai Elantra. Central to the parties' claims and defenses is the ignition lock cylinder assembly and key lock solenoid removed from the subject vehicle.

The parties agree that the assembly constitutes unique physical evidence. Neither disputes that additional examination is appropriate. Their disagreement has consistently centered on **the sequence and manner in which that examination should occur.**

Initially, Defendants sought a protective order prohibiting Plaintiff from removing the key cylinder or otherwise disassembling the subject assembly until Defendants first performed an energized computed tomography ("CT") scan of the fully assembled component. Defendants argued that once the assembly is opened, the internal spatial relationships of its components cannot be recreated and certain observations of the intact assembly will be permanently lost. They therefore maintained that additional imaging while the assembly remained sealed represented the least prejudicial means of preserving evidence.

Plaintiff opposed that request. Plaintiff asserted that prolonged energization during CT scanning itself presented a substantial risk of altering the evidence, particularly if particulate matter or degraded insulation inside the solenoid constituted the alleged defect. Plaintiff instead proposed a protocol designed to permit contemporaneous visual observation of the solenoid plunger during energization while documenting its operation through video recording.

Recognizing that the dispute appeared to concern methodology rather than the ultimate objective of additional testing, the Court declined to immediately resolve the motion. Instead, the Court directed[1] counsel to continue meaningful meet-and-confer efforts regarding a protocol that would reasonably accommodate the legitimate interests identified by both parties. Specifically, the Court observed that the record suggested room for a more tailored approach than the all-or-nothing positions then being advanced and encouraged discussion of a carefully controlled energized examination before further disassembly if such an approach could protect both parties' interests.

Those discussions substantially narrowed the dispute.

In response to the Court's direction, Plaintiff submitted a revised testing protocol. Unlike the protocol initially opposed by Defendants, Plaintiff's revised proposal expressly incorporated

---

[1] The undersigned communicated to all Counsel, via email, encouraging the parties to continue to meet and confer in an effort to resolve the dispute.

additional energized imaging while seeking simultaneously to preserve Plaintiff's ability to observe and document the operation of the solenoid in real time. Plaintiff characterized the proposal as a middle-ground approach designed to address Defendants' concerns while minimizing the risk of alteration identified by Plaintiff. (See ECF No. 83-1).

Upon reviewing Plaintiff's revised proposal, the Court advised counsel that Plaintiff appeared to have made a meaningful effort toward the compromise the Court had encouraged. The Court further advised that, absent persuasive reasons to the contrary, it was inclined to permit testing substantially in accordance with the revised protocol while inviting Defendants to file a reply brief specifically identifying any remaining prejudice.

Defendants thereafter filed a reply that significantly narrowed their original request. (ECF No. 84).

Rather than continuing to insist upon the prolonged energized CT scan described in their original motion, Defendants proposed a much more limited procedure consisting of (1) a brief operational bench test of the intact assembly, followed by (2) a short energized two-dimensional x-ray examination with simultaneous video recording, after which Plaintiff would be permitted to proceed with substantially the remainder of Plaintiff's revised testing protocol.

Accordingly, by the time briefing concluded, the dispute before the Court had evolved considerably from the dispute presented in Defendants' original motion.

## II.    DISCUSSION

Federal Rules of Civil Procedure 26 and 34 afford district courts broad discretion to regulate discovery involving unique physical evidence.

Although neither the Fourth Circuit nor this Court appears to have adopted a specific test governing sequencing of potentially destructive testing, courts considering such requests

commonly balance the necessity of the proposed testing, the prejudice to the opposing party, the availability of less prejudicial alternatives, and the adequacy of safeguards. See *Mirchandani v. Home Depot U.S.A., Inc.*, 235 F.R.D. 611, 614 (D. Md. 2006). Those principles guide the Court here.

### A.    The Court declines to adopt either party's original position.

Defendants' original motion sought to prohibit Plaintiff's proposed testing until completion of an energized CT scan substantially as described in Defendants' pleadings. That request has effectively been overcome by subsequent events. Likewise, Plaintiff requests authorization to proceed under its revised protocol without first performing the intact operational testing now proposed by Defendants.

The Court concludes that neither original position fully reflects the narrowed dispute now before it.

### B.    Both parties have meaningfully narrowed their positions.

The Court believes it appropriate to acknowledge the efforts of counsel. Plaintiff substantially revised its proposed protocol in response to concerns identified both by Defendants and by the Court. Defendants likewise abandoned their insistence upon the more extensive energized CT procedure originally requested and instead proposed a considerably more limited intact examination.

The present dispute therefore concerns only one single remaining issue: **whether Defendants should be permitted one final examination of the assembly while it remains fully intact before Plaintiff proceeds with removal of the key cylinder and the remainder of Plaintiff's revised testing.**

**C.    The Court concludes that a sequenced protocol best balances the competing interests.**

The Court is persuaded that permitting one limited intact examination before further testing represents the least prejudicial course available.

First, the intact operational examination requested by Defendants is brief, narrowly tailored, and directed toward preserving observations that cannot later be recreated once the assembly is opened.

Second, once those observations are documented, the Court sees little reason to prevent Plaintiff from proceeding with the substantially revised protocol submitted in response to the Court's earlier direction.

Third, the extensive safeguards proposed by both parties—including continuous video recording, preservation of loose material, participation by all experts, and immediate sharing of generated data—adequately minimize prejudice to either side.

Finally, this approach furthers the truth-seeking function of discovery while avoiding unnecessary additional motion practice.

Rather than choosing one party's protocol in its entirety, the Court exercises its discretion to fashion a protocol that preserves the legitimate interests identified by both sides.

**III.    ORDER**

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.    Defendants' Motion for Protective Order is **GRANTED IN PART and DENIED IN PART.**

2.    Plaintiff's Cross-Motion to Compel Testing is **GRANTED IN PART.**

3.      Before any removal of the key cylinder from the subject ignition lock cylinder assembly, the parties shall conduct a brief operational bench test of the fully assembled subject component. The procedure shall be video recorded, and all electrical parameters utilized shall be documented.

4.      Immediately thereafter, the parties shall conduct a brief energized two-dimensional x-ray examination of the intact assembly with simultaneous video recording. The examination shall be limited to the minimum duration reasonably necessary to document operation of the assembly while energized.

5.      Upon completion of the foregoing intact examinations, Plaintiff shall be permitted to proceed substantially in accordance with the Revised Inspection Protocol submitted with Plaintiff's Response (ECF No. 83-1), including removal of the key cylinder and the remaining inspection and testing procedures.

6.      All testing shall be attended by the respective representatives of all parties. Continuous video recording shall be maintained throughout each phase of testing. Any loose debris or particulate matter encountered shall be preserved. All raw imaging data, photographs, videos, and electronically generated testing data shall be exchanged promptly among the parties.

7.      Counsel shall cooperate in scheduling the testing at the earliest mutually convenient date. Should disputes arise during implementation of this Order, counsel shall first confer in good faith before seeking further Court intervention.

**IT IS SO ORDERED.**

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 14 days, objections to this Order with District Judge Joseph R. Goodwin. If objections are filed, the District Court will

consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to send a copy of this Order to all counsel of record.

ENTER: July 7, 2026.



Omar J. Aboulhosn
United States Magistrate Judge